RECEIPT NUMBER
37633

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES D. MICKEY,

    Plaintiff,

v.

ZEIDLER TOOL & DIE COMPANY, a Michigan corporation, and HAROLD DeFORGE, an individual,

    Defendants.

_____/

Teresa J. Gorman (P61001)
Teresa J. Gorman PLLC
Attorney for Plaintiff
30150 Telegraph Road
Suite 345
Bingham Farms, MI 48025
(248) 223-9922

_____/

JUDGE : Edmunds, Nancy G.
DECK : S. Division Civil Deck
DATE : 01/31/2005 @ 12:40:44
CASE NUMBER : 2:05CV70340
CMP CHARLES D. MICKEY VS ZEIDLER TOOL AND DIE CO (LE)

MAGISTRATE JUDGE VIRGINIA M. MORGAN

## COMPLAINT AND JURY DEMAND

Plaintiff, CHARLES D. MICKEY, by and through his attorneys, and brings this Complaint as follows:

1. This is an action for violations of the Age Discrimination in Employment Act, 29 USC §621, et seq., the Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act, 29 USC §630(f), and the Elliott-Larsen Civil Rights Act, MCLA 37.2101 et seq., MSA 3.548 (101) et seq.

2. Plaintiff is a resident of the City of Troy, Oakland County, Michigan.

3. Defendant Zeidler Tool & Die Company is a Michigan corporation doing business in the City of Fraser, Macomb County, Michigan.

4. Defendant Harold DeForge is an individual who resides in the State of Michigan.

5. The acts giving rise to this complaint took place in Macomb County, Michigan, in the Eastern District of Michigan.

6. The court has jurisdiction of this matter pursuant to 28 USC § 1331.

7. Venue is proper in this court.

8. Plaintiff demands that the issues in this case be tried to a jury in accordance with the Seventh Amendment to the U.S. Constitution and Rule 38(b) of the Federal Rules of Civil Procedure.

9. Plaintiff was continuously employed by Defendant Zeidler Tool & Die Company from October 1971 through October 2004.

10. Throughout the duration of his employment, Plaintiff performed his duties in a satisfactory or above manner.

11. Throughout the duration of Plaintiff's employment, Defendant Harold DeForge was Defendant Zeidler Tool & Die Company's owner and Plaintiff's direct supervisor.

12. During his employment, Defendants treated Plaintiff differently from similarly situated non-minority employees in the terms and conditions of employment, based on unlawful consideration of age.

13. Plaintiff was born on November 28, 1940 and was 63 years of age at the time of his termination.

14. On or about January 1, 2004, Defendant Harold DeForge directed Plaintiff to retire from employment with Defendant Zeidler Tool & Die Company.

15. Plaintiff refused to retire from employment with Defendant Zeidler Tool & Die Company.

16. When Plaintiff refused to retire, Defendant Harold DeForge, among other things, reduced Plaintiff's wages.

17. When Plaintiff refused to retire, Defendant Harold DeForge, among other things, reassigned Plaintiff from an exempt salary status to a non-exempt hourly status so as to rescind all benefits afforded to exempt employees.

18. When Plaintiff refused to retire, Defendant Harold DeForge, among other things, rescinded company-paid health benefits from Plaintiff thus requiring that he pay the full premium for health benefits.

19. Younger employees of Defendant Zeidler Tool & Die Company are provided with company-paid health benefits.

20. On October 7, 2004, Plaintiff filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC").

21. On October 19, 2004, subsequent to receiving a copy of the charge from the EEOC, Defendants terminated Plaintiff's employment.

22. On December 13, 2004, Plaintiff filed a second charge of retaliation with the EEOC.

23. Plaintiff brings this action within 90 days of receiving his notices of right to sue.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE
## AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 USC § 621, et seq.

24. Plaintiff incorporates by reference paragraphs 1-23.

3

25. While employed by Defendants, Plaintiff was subjected to age discrimination by Defendants, said acts being made unlawful by the Age Discrimination in Employment Act of 1967, 29 USC §621, et seq., and said acts including but not limited to:

   a. demanding that Plaintiff retire;

   b. reducing Plaintiff's wages when Plaintiff refused to retire;

   c. reassigning Plaintiff from an exempt salary status to a non-exempt hourly status so as to rescind all benefits afforded to exempt employees when Plaintiff refused to retire; and

   d. rescinding company-paid health benefits from Plaintiff thus requiring that he pay the full premium for health benefits when Plaintiff refused to retire;

   e. discharging or otherwise discriminating against Plaintiff with respect to his employment, compensation, or a term, condition or privilege of employment, because of age;

   f. limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of age;

   g. segregating, classifying or otherwise discriminating against Plaintiff on the basis of age with respect to a term, condition or privilege or employment, including a benefit plan or system;

   h. failing to provide a work environment free from age discrimination.

26.    Plaintiff's employment was terminated by Defendant in whole or in part because of his age, to-wit: 63 years old, said act being made unlawful by the Age Discrimination in Employment Act of 1967, 29 USC §621, et seq.

27.    As a direct and proximate result of Defendants' violation of the Age Discrimination in Employment Act of 1967, Plaintiff has suffered depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

28.    As a further direct and proximate result of Defendants' violation of the Age Discrimination in Employment Act, 29 USC §621, et seq., Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

**COUNT II**
**AGE DISCRIMINATION IN VIOLATION OF THE**
**AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 USC § 621, et seq.,**
**AS AMENDED BY THE OLDER WORKERS BENEFIT PROTECTION ACT OF 1990,**
**29 USC §630(f)**

29.    Plaintiff incorporates by reference paragraphs 1-28.

30.    While employed by Defendants, Plaintiff was subjected to age discrimination by Defendants, said acts being made unlawful by the Age Discrimination in Employment Act of 1967, 29 USC §621, et seq., as amended by the Older Workers Benefit Protection Act of 1990, 29 USC §630(f), and said acts including but not limited to:

a. reassigning Plaintiff from an exempt salary status to a non-exempt hourly status so as to rescind all benefits afforded to exempt employees when Plaintiff refused to retire;

b. rescinding company-paid health benefits from Plaintiff thus requiring that he pay the full premium for health benefits when Plaintiff refused to retire;

c. otherwise discriminating against Plaintiff with respect to his employment, compensation, or a term, condition or privilege of employment, because of age;

d. limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of age; and

e. segregating, classifying or otherwise discriminating against Plaintiff on the basis of age with respect to a term, condition or privilege or employment, including a benefit plan or system.

31. As a direct and proximate result of Defendants' violation of the Age Discrimination in Employment Act of 1967, 29 USC §621, et seq., as amended by the Older Workers Benefit Protection Act of 1990, 29 USC §630(f), Plaintiff has suffered depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

32. As a further direct and proximate result of Defendants' violation of the Age Discrimination in Employment Act, 29 USC §621, et seq., as amended by the Older

Workers Benefit Protection Act of 1990, 29 USC §630(f), Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT III
## RETALIATION IN VIOLATION OF THE
## AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 USC § 621, et seq.

33. Plaintiff incorporates by reference paragraphs 1-32.

34. Plaintiff's employment was terminated by Defendants in whole or in part in retaliation for Plaintiff having complained about Defendants' discriminatory employment practices described above and for having filed a charge of discrimination with the EEOC, in violation of the Age Discrimination in Employment Act, 29 USC § 621, et seq.

35. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

36. As a direct and proximate result of Defendants' violation of the Age Discrimination in Employment Act of 1967, 29 USC §621, et seq., Plaintiff has suffered depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

37. As a further direct and proximate result of Defendants' violation of the Age Discrimination in Employment Act, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to employ

the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT IV
### AGE DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA 37.2101 ET SEQ., MSA 3.548(101) ET SEQ.

38. Plaintiff incorporates by reference paragraphs 1 through 37.

39. At all material times, Plaintiff was an employee, and Defendants were his employer, covered by and within the meaning of the Elliott-Larsen Civil Rights Act, MCLA 37.2101 et seq., MSA 3.548(101) et seq.

40. Plaintiff's age was at least one factor that made a difference in Defendants' decision to discriminate against Plaintiff.

41. Defendants knowingly and willingly discriminated against Plaintiff on the basis of his age in violation of the Elliott-Larsen Civil Rights Act, MCLA 37.2101 et seq., MSA 3.548(101) et seq.

42. As a direct and proximate result of Defendants' violation of Elliott-Larsen Civil Rights Act, MCLA 37.2101 et seq., MSA 3.548(101) et seq., Plaintiff has suffered depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

43. As a further direct and proximate result of Defendants' violation of the Elliott-Larsen Civil Rights Act, MCLA 37.2101 et seq., MSA 3.548(101) et seq., Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and ability to work, and will so suffer in the

future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT V
## RETALIATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA 37.2101 ET SEQ., MSA 3.548(101) ET SEQ.

44. Plaintiff incorporates by reference paragraphs 1-43.

45. Plaintiff's employment was terminated by Defendants in whole or in part in retaliation for Plaintiff having complained about Defendants' discriminatory employment practices described above and for having filed a charge of discrimination with the EEOC, in violation of the Elliott-Larsen Civil Rights Act, MCLA 37.2101 et seq., MSA 3.548(101) et seq.

46. This retaliation occurred, in part, because Plaintiff engaged in protected activity pursuant to the Elliott-Larsen Civil Rights Act, MCLA 37.2101 et seq., MSA 3.548(101) et seq.

47. Defendants' conduct violated the Elliott-Larsen Civil Rights Act, MCLA 37.2101 et seq., MSA 3.548(101) et seq.

48. As a direct and proximate result of Defendants' violation of Elliott-Larsen Civil Rights Act, MCLA 37.2101 et seq., MSA 3.548(101) et seq., Plaintiff has suffered depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

49. As a further direct and proximate result of Defendants' violation of the Elliott-Larsen Civil Rights Act, MCLA 37.2101 et seq., MSA 3.548(101) et seq., Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a

loss of and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendants as follows:

 A. compensatory damages in whatever amount Plaintiff is found to be entitled;

 B. exemplary damages in whatever amount Plaintiff is found to be entitled;

 C. punitive exemplary damages in whatever amount Plaintiff is found to be entitled;

 D. liquidated damages in whatever amount Plaintiff is found to be entitled;

 E. an award of back pay and the value of lost fringe benefits, past and future;

 F. an award of interest, costs, and reasonable attorney fees;

 G. whatever other relief appears appropriate at the time of final judgment; and

 H. whatever other relief may appear appropriate when this court's final order is entered.

TERESA J. GORMAN, PLLC

By: _____
Teresa J. Gorman (P61001)
Attorney for Plaintiff
30150 Telegraph Road, Suite 345
Bingham Farms, MI 48025
(248) 223-9922

Dated: January 31, 2005

JS 44 11/99 **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: Macomb

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

### I. (a) PLAINTIFFS
CHARLES D. MICKEY

### DEFENDANTS
ZEIDLER TOOL & DIE COMPANY, a Michigan corporation, and HAROLD DeFORGE, an individual

(b) County of Residence of First Listed: Oakland

County of Residence of First Listed: Macomb

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(C) Attorney's (Firm Name, Address, and Telephone Number)
Teresa J. Gorman PLLC
30150 Telegraph, Ste 345, Bingham Farms, MI 48025
(248) 223-9922

Attorneys (If Known)

NANCY G. EDMUNDS
MAGISTRATE JUDGE VIRGINIA M. MORGAN

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21: 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 320 Assault Libel And Slander | | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | [X] 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 (specify) Transferred from another district
- [ ] 6 Multi district Litigation
- [ ] 7 Appeal to District Judge from Magistrate

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Age discrimination and retaliation in violation of the Age Discrimination in Employment Act as amended by the Older Worker's Benefit Protection Act, 29 USC 621 et seq. and the Elliott-Larsen Civil Rights Act, MCLA 37.2101 et seq., MSA 3.548(101 et seq.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

$DEMAND 75,000+

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes ☐ No

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 1-31-05

SIGNATURE OF ATTORNEY OF RECORD: *Teresa J. Gorman*

## PURSUANT TO LOCAL RULE 83.11

1.  Is this a case that has been previously dismissed?   ☐ Yes  ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2.  Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes  ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

Notes :